Filed 8/13/26  P. v. Burton CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338711 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA001663) |
| v. | |
| JERRY ARIAS BURTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Chelsea Zaragoza, Deputy Attorney General, for Plaintiff and Respondent.

_____

In 1991 a jury convicted Jerry Arias Burton of murder and five counts of attempted murder committed when he was 16 years old, and the trial court sentenced him to 30 years to life plus two consecutive life terms.  On appeal, we modified the sentence to reflect that Burton was entitled to eight additional days of custody credits, affirmed the judgment as modified, and directed the trial court "to amend the abstract of judgment accordingly." (*People v. Burton* (Sept. 17, 1992, B058332 [nonpub. opn.] (*Burton I*).)  The record does not reflect that the trial court corrected the abstract, and in 2024 Burton filed a motion to recall his sentence, correct the abstract of judgment, and certify his case to the juvenile court for a full resentencing.  The superior court denied the motion but ordered preparation of an amended abstract of judgment with the correct custody credits.

Burton contends the superior court's award of additional custody credits was a correction of a judicial error that entitled him to a full resentencing with the benefit of ameliorative changes in the sentencing laws for youthful offenders.  However, we decided that Burton was entitled to eight additional days of custody credits over 30 years ago in *Burton I*.  The superior court's belated compliance with our direction to correct the abstract of judgment was a ministerial act to correct a clerical error, not a judicial error.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Burton's Convictions, Sentencing, and First Appeal*

On the evening of March 9, 1989 the occupants of a stolen car committed a gang-related drive-by shooting in the Willowbrook area of Los Angeles County that killed

2

John Lee Williams and seriously injured several others. An eyewitness identified Burton as one of the occupants fleeing the vehicle after it crashed during a police pursuit, and Burton's fingerprint was found on a discarded assault rifle used in the shooting. Burton was 16 years old at the time. After his arrest, Burton appeared in the juvenile court, but the court transferred him to adult criminal court after finding he was not a fit and proper subject for treatment under juvenile court law due to his criminal sophistication and the circumstances and gravity of the alleged offenses.

On June 13, 1990 a jury found Burton guilty of first degree murder (Pen. Code. § 187, subd. (a); count 1)[1] and five counts of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664; counts 2-6). The jury found true as to all counts that Burton personally used a firearm in the commission of the offenses within the meaning of sections 12022, subdivision (a), and 12022.5, and that Burton discharged a weapon from a vehicle causing great bodily harm under section 12022.55.

On February 15, 1991 the trial court sentenced Burton to 30 years to life in state prison (25 years to life for the murder plus five years for the section 12022.55 enhancement), plus consecutive life sentences on counts 2 and 3 and concurrent life sentences on counts 4, 5, and 6. The court imposed and stayed the additional enhancements. The court awarded Burton 500 days of actual presentence custody credits plus 250 days of conduct credits, for a total of 750 days of custody credits.

In our 1992 opinion in *Burton I, supra*, B058332, we concluded the trial court miscalculated Burton's actual time in

---

[1]     Further statutory references are to the Penal Code.

custody and modified the judgment to award Burton 506 days of actual custody credits plus 252 days of conduct credits, for a total of 758 days of custody credits. In our disposition we stated the trial court was "directed to amend the abstract of judgment accordingly and to forward a copy to the Department of Corrections [and Rehabilitation]." We affirmed the judgment as modified. The record does not reflect whether the trial court amended the abstract of judgment in 1992 following issuance of the remittitur.

B.    *Burton's Motion To Recall Sentence and Certify to Juvenile Court*

On March 22, 2024 Burton, represented by counsel, filed a motion in the superior court to recall his sentence, correct the abstract of judgment, and certify his case to the juvenile court for resentencing. Burton argued the trial court's failure to amend the abstract of judgment as ordered by this court was a judicial error because it required the trial court to exercise its discretion in awarding the proper credits. Therefore, he asserted, the court "must recall the sentence, and the sentence becomes non-final, entitling Burton to the benefit of intervening ameliorative legislation, including retroactive application of Proposition 57.[2]

---

[2]    Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Cal. Const., art. I, § 32), passed by the voters in 2016, reformed the process by which criminal cases may be filed against juveniles in criminal courts. The Supreme Court in *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 304 held Proposition 57 applies retroactively to "all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." Under *Lara*, when Proposition 57 applies retroactively to a juvenile offender, the superior court should

4

As a result, the superior court was required to certify the matter to the juvenile court for further proceedings consistent with Proposition 57.

The prosecutor argued in his opposition that the trial court made a clerical error in failing to include the correct amount of custody credits in the judgment. Further, after we directed the court to amend the abstract of judgment to reflect the correct amount of credits, the court's failure to do so was "still clerical error and[] ministerial in nature."

Burton's attorney argued at the June 14, 2024 hearing that the trial court's error in 1991 was a judicial error, not a clerical error, because it appeared that the trial court miscalculated the credits, which the clerk then recorded in the abstract of judgment. Moreover, the proper determination of custody credits impacted Burton's "constitutional substantial right[s]," so Burton had a right to have his case certified to the juvenile court for resentencing.

The superior court denied the motion, finding there was no authority "regarding a credit error [that] would make a case nonfinal." Further, Burton was not prejudiced by the failure to apply the eight days of custody credit in 1992 in light of his sentence of 30 years to life plus two consecutive life sentences. The court ordered the credits be corrected and directed the clerk to amend the abstract of judgment to award "the exact credits the appellate court remanded it back for" and to send the amended

---

transfer the case to the juvenile court to hold a juvenile transfer hearing, and if the proceeding is not transferred back to adult court, the juvenile court should treat the convictions as juvenile adjudications and impose an appropriate disposition. (*Id*. at pp. 310-311.)

5

abstract to the California Department of Corrections and Rehabilitation.

On July 12, 2024 the superior court filed an amended abstract of judgment reflecting that Burton was to receive 506 days of actual custody credit and 252 days of conduct credit, for a total of 758 days of presentence credits based on the sentencing date of February 15, 1991.

Burton timely appealed.

## DISCUSSION

A. *Correction of Burton's Credits Did Not Entitle Him to a Full Resentencing or Transfer to the Juvenile Court*

Burton contends the superior court, by correcting his custody credits, was correcting a judicial error, thereby rendering his sentence nonfinal. We agree that the trial court's entry of judgment in 1992 with an incorrect award of presentence custody credits was a judicial error. But the superior court's 2024 modification of the abstract of judgment constituted correction of a clerical error because we made the judicial determination of the correct amount of custody credits in our opinion in *Burton I, supra*, B058332, leaving for the trial court only the clerical task of amending the abstract of judgment to reflect the correct amount of custody credits. Accordingly, Burton's judgment became final following issuance of the remittitur in *Burton I*, and it did not become nonfinal after the superior court corrected the abstract in 2024.

As the Supreme Court explained in *In re Candelario* (1970) 3 Cal.3d 702, 705, "The distinction between clerical error and judicial error is 'whether the error was made in rendering the

6

judgment, or in recording the judgment rendered.'" (Accord, *People v. Singleton* (2025) 113 Cal.App.5th 783, 793; *People v. Boyd* (2024) 103 Cal.App.5th 56, 64.) Based on this reasoning, most appellate courts have concluded that a trial court's erroneous calculation of custody credits is a judicial error. (See *People v. Taft* (2026) 119 Cal.App.5th 380, 387 ["[I]mproperly calculating credit constitutes judicial error, as opposed to clerical error."]; *Singleton*, at p. 792 ["a court makes a judicial error when it errs during 'the judicial process of determining the sentence, even if governed by mathematical rules (such as for calculating credits)'"]; *Boyd*, at p. 63 ["What the trial court ordered was properly recorded in judicial records. The trial court's misstatement of the number of days of credits was therefore a judicial error, not a clerical one, as it was one made in rendering the judgment."]; but see *People v. Powell* (2026) 121 Cal.App.5th 595, 604 ["the credit calculation error here was clerical error that the trial court had inherent power to correct"].)

Regardless of whether the judicial correction of presentence custody credits is a judicial or clerical correction, once we decided *Burton I, supra*, B058332 and modified the judgment to award the correct number of credits, the trial court's "'recording [of] the judgment rendered'" by amending the abstract of judgment in 2024 was a clerical act. (*In re Candelario, supra*, 3 Cal.3d at p. 705; *People v. Singleton, supra*, 113 Cal.App.5th at p. 793.) As discussed, our disposition stated the "judgment is modified to give appellant 506 days of actual custody credit and 252 days of conduct credit for a total of 758 days of credit," and "[a]s modified, the judgment is affirmed." Accordingly, upon issuance of the remittitur, our decision in *Burton I, supra*, B058332 became final. (See *Hoover v. Galbraith* (1972) 7 Cal.3d 519, 525-526 [judgment

7

becomes final "either upon expiration of the period within which an appeal may be taken, or, if an appeal is taken, upon the issuance of the remittitur when the judgment has been affirmed"]; *Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 479 ["An appeal is final on the date remittitur issues."].)

Further, in *Burton I* we directed the trial court to amend the abstract of judgment to reflect our judicial determination of the proper amount of custody credits. The trial court's modification of the abstract of judgment in 2024 did not modify the judgment; rather, it was a ministerial correction to remedy a clerical error in the abstract. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["An abstract of judgment is not the judgment of conviction; it . . . may not add to or modify the judgment it purports to digest or summarize."].)

Accordingly, the judgment, as modified in *Burton I*, remained final and did not support resentencing or transfer to the juvenile court. (See *People v. Powell, supra*, 121 Cal.App.5th at p. 604 ["correction of a clerical error does not trigger a full resentencing because the case remains final"]; *People v. Sanchez* (2026) 119 Cal.App.5th 1060, 1064 [same]; see also *People v. Padilla* (2022) 13 Cal.5th 152, 158 [retroactivity rule, which applies to Proposition 57, "extends to all 'nonfinal judgments'"].)

## DISPOSITION

The superior court's July 12, 2024 order modifying Burton's presentence custody credits is affirmed.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

9